IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NOEL MELENDEZ RODRIGUEZ
c/o 519 H Street NW
Washington, DC 20001

JOSE MONGE RAMIREZ
c/o 519 H Street NW
Washington, DC 20001

    Plaintiffs,

v.

BEAU THAI MT. PLEASANT, LLC
d/b/a BEAU THAI
3162 Mt. Pleasant Street NW
Washington, DC 20010

ASCHARA VIGSITTABOOT
1555 9th Street NW, Apt. B
Washington, DC 20001

    Defendants.

Civil Action No. _____

# COMPLAINT

1. Defendants did not pay Plaintiffs properly for their work as kitchen staff at Defendants' restaurant. Before 2019, Defendants paid Plaintiff Melendez Rodriguez a flat semimonthly salary that denied him minimum and overtime wages. And at all times, Defendants failed to compensate either plaintiff for working "split shifts."

2.      Plaintiffs bring this action against Beau Thai Mt. Pleasant, LLC and Aschara Vigsittaboot ("Defendants") to recover damages for Defendants' willful failure to pay regular, minimum, overtime, and "split shift" wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the District of Columbia Minimum Wage Act Revision Act ("DCMWA"), D.C. Code, § 32-1001 *et seq.*; and the District of Columbia Wage Payment and Collection Law ("DCWPCL"), D.C. Code § 32-1301 *et seq.*

## Jurisdiction and Venue

3.      Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

4.      Venue is proper pursuant to 28 U.S.C. § 1391(b), because all Defendants reside in this district, or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

## Parties

5.      Plaintiff Noel Melendez Rodriguez is an adult resident of the District of Columbia.

6.      Plaintiff Jose Monge Ramirez is an adult resident of the District of Columbia.

7.      Defendant Beau Thai Mt. Pleasant, LLC is a District of Columbia corporate entity. It does business as Beau Thai. Its principal place of business is located at 3162 Mt. Pleasant Street NW, Washington, DC 20010. Its registered agent for service of process is National Registered Agents, Inc., 1015 15th Street NW, Suite 1000, Washington, DC 20005.

8.      Defendant Aschara Vigsittaboot is an adult resident of the District of Columbia. She resides at 1555 9th Street NW, Apt. B, Washington, DC 20001. She is an owner and/or member of Defendant Beau Thai Mt. Pleasant, LLC. She exercises control over the operations of Beau Thai Mt. Pleasant, LLC — including its pay practices.

9.      Defendants own and operate Beau Thai, a restaurant located at 3162 Mt. Pleasant Street NW, Washington, DC 20010.

**Factual Allegations Specific to Plaintiff Melendez Rodriguez**

10.     Plaintiff Melendez Rodriguez worked at Beau Thai from approximately March 1, 2018 through approximately February 9, 2021.

11.     Plaintiff Melendez Rodriguez worked at Beau Thai as a kitchen laborer.

12.     Plaintiff Melendez Rodriguez's job duties at Beau Thai primarily consisted of preparing food and reviewing products delivered to the restaurant.

13.     Plaintiff Melendez Rodriguez typically and customarily worked six days per week.

14.     Plaintiff Melendez Rodriguez typically and customarily worked approximately 56.5 hours per week.

15.     Prior to approximately January 1, 2019, Defendants paid Plaintiff a semimonthly salary of $1,000.00.

16.     Starting on approximately January 1, 2019, Defendants paid Plaintiff Melendez Rodriguez an hourly rate.

17.     After January 1, 2019, Defendants paid Plaintiff Melendez Rodriguez approximately the following hourly rates:

| Approximate Dates | Hourly Rate |
| --- | --- |
| Jan. 01, 2019–Dec. 31, 2020 | $15.00 |
| Jan. 01, 2021–Feb. 09, 2021 | $15.50 |

18.     At all relevant times, Defendants paid Plaintiff Melendez Rodriguez by check.

19.     Plaintiff Melendez Rodriguez typically and customarily worked more than forty hours per workweek for Defendants.

20.     Prior to approximately January 1, 2019, Defendants paid Plaintiff Melendez Rodriguez the same effective regular hourly rate across all hours worked.

3

21.     Prior to approximately January 1, 2019, Defendants did not pay Plaintiff Melendez Rodriguez overtime wages — or one and one-half times his regular hourly rate for hours worked in excess of forty in a workweek.

22.     Moreover, prior to approximately January 1, 2019, Plaintiff Melendez Rodriguez's flat semimonthly salary of $1,000.00 sometimes resulted in an effective hourly rate below the D.C. minimum wage.

23.     Finally, at all relevant times, Defendants did not properly compensate Plaintiff Melendez Rodriguez for working a "split shift."

24.     When Plaintiff Melendez Rodriguez worked both lunch and dinner shifts during the same day, Defendants required him to take a two-hour lunch break.

25.     At all relevant times, Defendants were required to pay Plaintiff Melendez Rodriguez for one additional hour at the applicable D.C. minimum wage for each day he worked such a "split shift." *See* 7 DCMR §§ 906.1, 999.2. *See also Arias v. United States Serv. Indus.*, 80 F.3d 509, 513 (D.C. Cir. 1996) (reversing the lower court and holding that the split shift premium must be paid on top of an employee's earnings, even if the earnings had exceeded the minimum wage and the split shift premium.)

26.     Defendants never paid Plaintiff Melendez Rodriguez for a "split shift."

27.     Plaintiff Melendez Rodriguez worked approximately seven hundred and seventy-one "split shifts" during his tenure at Defendants' restaurant.

28.     For Plaintiff Melendez Rodriguez's work in the three years preceding the filing of this Complaint, Defendants owe him approximately $32,000.00 in regular, minimum, overtime, and "split shift" wages (excluding liquidated damages).

**Factual Allegations Specific to Plaintiff Monge Ramirez**

29. Plaintiff Monge Ramirez worked at Beau Thai from approximately October 1, 2020 through approximately February 8, 2021.

30. Plaintiff Monge Ramirez worked at Beau Thai as a line cook.

31. Plaintiff Monge Ramirez's job duties at Beau Thai primarily consisted of preparing and cooking food.

32. Prior to approximately January 1, 2021, Plaintiff Monge Ramirez typically and customarily worked between four and five days a week.

33. Starting on approximately January 1, 2021, Plaintiff Monge Ramirez typically and customarily worked six days per week.

34. At all relevant times, Defendants paid Plaintiff Monge Ramirez $15.00 per hour.

35. At all relevant times, Defendants paid Plaintiff Monge Ramirez by check.

36. When Plaintiff Monge Ramirez worked both lunch and dinner shifts during the same day, Defendants required him to take a two-hour lunch break.

37. At all relevant times, Defendants were required to pay Plaintiff Melendez Rodriguez for one additional hour at the applicable D.C. minimum wage for each day he worked a "split shift." *See* 7 DCMR §§ 906.1, 999.2. *See also Arias v. United States Serv. Indus.*, 80 F.3d 509, 513 (D.C. Cir. 1996) (reversing the lower court and holding that the split shift premium must be paid on top of an employee's earnings, even if the earnings had exceeded the minimum wage and the split shift premium.)

38. Defendants never paid Plaintiff Monge Ramirez for a "split shift."

39. Plaintiff Monge Ramirez worked approximately eighty-two "split shifts" during his tenure at Defendants' restaurant.

40. Defendants owe Plaintiff Monge Ramirez approximately $1,550.00 (excluding liquidated damages) for their failure to pay him "split shift" wages.

### Factual Allegations Common to All Plaintiffs

41. Defendant Aschara Vigsittaboot either hired or approved the hiring of Plaintiffs.

42. Defendant Aschara Vigsittaboot participated in setting Plaintiffs' work schedules.

43. Defendant Aschara Vigsittaboot participated in setting Plaintiffs' rate of pay.

44. At all relevant times, Defendants had the power to hire and fire Plaintiffs.

45. At all relevant times, Defendants had the power to control Plaintiffs' work schedule.

46. At all relevant times, Defendants had the power to supervise and control Plaintiffs' work.

47. At all relevant times, Defendants had the power to set Plaintiffs' rate and manner of pay.

48. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs one and one-half times their regular hourly rate for all hours worked in excess of forty hours in any one workweek.

49. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs the applicable D.C. minimum wage.

50. At all relevant times, Defendants were aware that they were legally required to pay Plaintiffs extra compensation for working a "split shift".

51. At all relevant times, Defendants were aware that they were legally required to timely pay Plaintiffs all wages legally due to them.

52. At all relevant times, the annual gross volume of Defendants' business exceeded $500,000.00.

53. At all relevant times, Defendants had two or more employees who handled goods and/or materials that had traveled in or been produced in interstate commerce.

54. At all relevant times, Defendants had employees who handled food products, such as chicken, beef, or vegetables, that had been raised or grown outside of the District of Columbia.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA

55. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

56. Each defendant was an "employer" of Plaintiffs within the meaning of the FLSA. 29 U.S.C. § 203(d).

57. The FLSA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. 29 U.S.C. § 207(a)(1). This regular hourly rate cannot be lower than the applicable state or local minimum wage. 29 C.F.R. § 778.5.

58. Defendants violated the FLSA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

59. Defendants' violations of the FLSA were willful.

60. For Defendants' violations of the FLSA, Defendants are liable to Plaintiffs for unpaid overtime wages, an equal amount as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT II
## FAILURE TO PAY MINIMUM AND OVERTIME WAGES UNDER THE DCMWA

61. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

62. Each defendant was an "employer" of Plaintiffs within the meaning of the DCMWA. D.C. Code § 32-1002(3).

63. The DCMWA requires that employers pay non-exempt employees at least $12.50 per hour from July 1, 2017 through June 30, 2018, $13.25 per hour from July 1, 2018 through June 30, 2019, $14.00 per hour from July 1, 2019 through June 30, 2020, and $15.00 per hour from July 1, 2020 through the present. D.C. Code § 32-1003(a).

64. The DCMWA requires employers to pay non-exempt employees one and one-half times their regular hourly rate for hours worked in excess of forty hours in any one workweek. D.C. Code § 32-1003(c).

65. Defendants violated the DCMWA by knowingly failing to pay the required D.C. minimum wage to one or more Plaintiffs.

66. Defendants violated the DCMWA by knowingly failing to pay one or more Plaintiffs at least one and one-half times their regular hourly rates for hours worked in excess of forty hours in any one workweek.

67. Defendants violated the DCMWA by knowingly failing to pay Plaintiffs one additional hour at the D.C. minimum wage when they worked a "split shift".

68. Defendants' violations of the DCMWA were willful.

69. For Defendants' violations of the DCMWA, Defendants are liable to Plaintiffs for unpaid minimum, overtime, and "split shift" wages, an amount equal to three times the unpaid minimum, overtime and "split shift" wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court.

## COUNT III
## FAILURE TO PAY WAGES UNDER THE DCWPCL

70. Plaintiffs incorporate the foregoing paragraphs as if fully restated herein.

71. Each defendant was an "employer" of Plaintiffs within the meaning of the DCWPCL. D.C. Code § 32-1301(1B).

72. The DCWPCL requires employers to pay an employee who is discharged no later than the working day following the discharge. D.C. Code § 32-1303(1).

73. The DCWPCL requires employers to pay an employee who quits or resigns all wages due upon the next regular payday, or within 7 days from the date of quitting or resigning, whichever is earlier. D.C. Code § 32-1303(2).

74. For purposes of the DCWPCL, "wages" include, among other things, regular, minimum, overtime, and "split shift" wages wages. D.C Code § 32-1301(3).

75. Defendants violated the DCWPCL by knowingly failing to timely pay Plaintiffs all wages due, including regular, minimum, overtime, and "split shift" wages.

76. Defendants' violations of the DCWPCL were willful.

77. For Defendants' violations of the DCWPCL, Defendants are liable to Plaintiffs for unpaid wages, an amount equal to three times the amount of unpaid wages as liquidated damages, reasonable attorney's fees and expenses, court costs, interest, and any other relief deemed appropriate by the Court. *See Sivaraman v. Guizzetti & Assocs.*, 228 A.3d 1066, 1072 (D.C. 2020) ("[T]reble damages are mandatory, not discretionary, if requested."); *Martinez v. Asian 328, LLC*, 220 F. Supp. 3d 117, 123 (D.D.C. 2016) ("[T]he liquidated-damages provision of the DCWPCL awards treble damages as liquidated damages *in addition to* the actual damages in the form of unpaid wages.").

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendants, jointly and severally, on all counts, in the current total amount of **$138,347.00**, and grant the following relief:

    a. Award Plaintiffs $134,200.00, consisting of the following overlapping elements:

      i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

      ii. unpaid D.C. minimum, overtime, and "split shift" wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCMWA, D.C. Code § 32-1012;

      iii. unpaid wages, plus three times the amount of unpaid wages as liquidated damages, pursuant to the DCWPCL, D.C. Code §§ 32-1303(4) and 32-1308;

b. Award Plaintiffs pre-judgment and post-judgment interest as permitted by law;

c. Award Plaintiffs attorney's fees and expenses computed pursuant to the matrix approved in *Salazar v. District of Columbia*, 123 F. Supp. 2d 8 (D.D.C. 2000), and updated to account for the current market hourly rates for attorney's services, pursuant to the DCWPCL, D.C. Code § 32-1308(b)(1) (as of this date, approximately $3,745.00);

d. Award Plaintiffs court costs (currently, $402.00); and

e. Award any additional relief the Court deems just.

Date: March 3, 2021                                                            Respectfully submitted,

                                                                                   /s/ Justin Zelikovitz
                                                                                   JUSTIN ZELIKOVITZ, #986001
                                                                                   DCWAGELAW
                                                                                   519 H Street NW
                                                                                   Washington, DC 20001
                                                                                   Phone: (202) 803-6083
                                                                                   Fax: (202) 683-6102
                                                                                   justin@dcwagelaw.com

                                                                                   *Counsel for Plaintiff*